### MAIN et al. v. STRONG et al.

No. 19121.   Opinion Filed May 29, 1928.

Rehearing Denied Feb. 12, 1929.

A. J. Welch, for plaintiffs in error.

R. B. Strong and Meacham & Meacham, for defendants in error.

HEFNER, J. This is an action by W. C. Gilchrist, one of several mechanic's lien claimants, against Forrest L. and Dorothy Strong, the owners, to recover judgment and to enforce his mechanic's lien in the sum of $393 for plumbing material and labor furnished in the construction of a residence, garage, and servant's house. O. M. Jordan and the W. P. Seawell Lumber Company, also lien claimants, were made parties defendant. O. M. Jordan filed his answer and cross-petition against the Strongs for the enforcement of his mechanic's lien in the sum of $120. The W. P. Seawell Lumber Company filed its answer and cross-petition against the Strongs for the enforcement of its lien for $2,418.75.

The Strongs, who were the owners of the property, filed their answer, interpleading into the case M. C. Main and W. C. Sigle. They denied primary liability for the total amount of the claims, alleging they did not construct the improvements themselves, but that Main and Sigle, contractors, constructed the same under a contract by the terms of which it was alleged that the contractors agreed to construct the improvements for $3,640. The owners prayed judgment against the contractors for whatever sum might be found to be due in favor of the lienors in excess of the contract price of $3,640, plus $217.81 extras, which they admitted.

The contractors, Main and Sigle, filed an answer in which they admitted that at one time there was a tentative contract by the terms of which they were to construct certain improvements for the Strongs for the sum of $3,640, but they alleged that the Strongs breached the contract by refusing to pay over the money in cash to them before any action was taken upon the contract, and, for that reason, the contract never became operative, but was abandoned and was never acted upon in any way by either of the parties. The contractors further alleged that the improvements constructed were in no manner the same improvements as were figured in the original tentative contract. They alleged that the improvements cost $1,492.76 more than would have been required to construct the improvements which were under consideration in the tentative contract.

The case was tried to a jury, but only two issues were submitted. These were as to whether the improvements were constructed by the Strongs themselves or by Main and Sigle as contractors, and as to the

amount of the W. P. Seawell Lumber Company claim. The jury found that the improvements were made under the contract with Main and Sigle as contractors, and fixed the amount of recovery in the sum of the contract price $3,640, plus extras $610, making a total of $4,250. The jury found for the W. P. Seawell Lumber Company against the defendants Strong and fixed the amount of recovery at the sum of $1,535.99.

The total cost of the improvements was $5,132.76. The jury fixed the contract price at $3,640 and the extras at $610, making the total liability of the owners $4,250. The jury reduced the claim of the lumber company from $2,418.75 to $1,535.99. On motion of the lumber company, the court set aside the verdict of $1,535.99 and rendered judgment in favor of the lumber company for the total claim of $2,418.75 upon the ground that the correctness and amount of said claim was not controverted at the trial. As to this matter, the judgment of the trial court is as follows:

"Judgment is rendered for\ the W. P. Seawell Lumber Company vacating the verdict of the jury in its favor for $1,535.99 and rendering judgment in its favor for $2,418.-75 for materials furnished in said improvements, with 6 per cent. interest from August 28, 1925, and $200 attorney fee and costs; also a judgment foreclosing its lien against, and for the sale of said property, to satisfy its judgment, interest, fees, and costs."

It is the difference between $1,535.99, the amount of the verdict of the jury in favor of the lumber company, and $2,418.75, the amount for which the court rendered judgment in its favor, that is in controversy in this lawsuit. The contractors contend that when the court increased the amount of the lumber company claim it necessarily had the effect of increasing the extras from $610, the amount the jury found as due for extras, to $1,492.76, and judgment should have been awarded against the owners for the increased amount. The trial court did not agree with this theory, because, while it increased the amount of the claim of the lumber company, still it refused to increase the amount the jury found to be due for extras. In this we do not think the trial court committed error.

The defendants in error filed a cross-petition against the contractors and alleged that the trial court committed error when it refused to allow them an attorney's fee in the sum of $300. It does not appear that the trial court committed error in this respect.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, and HUNT, JJ., concur. PHELPS, J., not participating.

Note.—See 40 C. J. p. 491, §731.